**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
VALDOSTA DIVISION**

**UNITED STATES OF AMERICA**,

v.

**JAMES WATERS**,

    Defendant.

Case No. 7:14-CR-48 (HL)

# ORDER

Before the Court is Defendant James Waters' Motion to Certify Case as "Complex." (Doc. 301). The motion is unopposed. Upon consideration, Defendant's motion is denied as moot.

Defendant is one of thirteen defendants indicted in a seventeen count indictment returned on December 10, 2014, charging each defendant in Count One with knowingly and intentionally conspiring to possess with intent to distribute cocaine and cocaine base in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(A)(iii), and 846. The Government has produced a large volume of discovery, including almost 70,000 pages of documents and hundreds of hours of surveillance videos and recorded telephone conversations.

On June 2, 2015, the Government filed a Joint Motion for Continuance and Extension of the Speedy Trial Act Deadline, asking that the case be continued from the Court's July 6, 2015 trial calendar and that the delay be excluded from the computation of time under the Speedy Trial Act. (Doc. 267). In support of the

motion, the Government noted the number of defendants and the purported complexity of the case as contemplated in 18 U.S.C. § 3161(h)(7)(B)(ii). The Government premised the request on continued issues with producing discovery. According to the Government's motion, initial disclosure of discovery was made on December 23, 2014. However, due a Department of Justice encryption policy, the vast majority of the discovery was not viewable to Defendants and their respective counsel. The Government reproduced the initial discovery on March 2, 2015. Technical problems persisted with the telephone recordings, and the Government subsequently made a third production of discovery on May 15, 2015. Unfortunately, issues remained with telephone recordings obtained from the Tift County Jail, requiring the Government to take yet further steps to produce discovery on May 20, 2015.

The Court denied the Government's motion and ordered all parties and counsel of record to appear before the Court for a status conference on June 25, 2015. After hearing from the Government about the persisting discovery issues, the Court in turn heard from each defense attorney. The common theme amongst all counsel was that the delayed production of discovery in combination with the sheer volume of discovery left each unprepared to proceed with a July trial. Taking all of the relevant factors into consideration, the Court agreed to remove the case from the July trial calendar and to continue the matter until the

October term of Court. The Court cautioned all those present that they should be ready to proceed at that time.

Defendant Waters now moves this Court for an order certifying the case as complex under 18 U.S.C. § 3161(h)(7)(B)(ii). The Speedy Trial Act outlines a defendant's right to a speedy trial. 18 U.S.C. § 3161. Certain types of delays are sufficiently important to be excluded from the speedy trial computation. Section 3161(h)(7)(A) excludes "[a]ny period of delay resulting from a continuance granted by any judge on his own motion or the request of the defendant or his counsel or at the request of the attorney for the Government, if the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." In making its decision, the district court may be guided by several factors, including whether denying the continuance "would be likely to make a continuation of such proceedings impossible, or result in a miscarriage of justice" or whether the case is so unusual or complex that the parties could not adequately prepare for trial within the requisite time period. 18 U.S.C. § 3161(h)(7)(B)(i) and (ii). Finding that a case is "complex" thus is merely a factor permitting the Court to grant a continuance beyond the time limits set by the Speedy Trial Act.

Recognizing that this case involves a number of defendants as well as voluminous discovery, this Court has already recognized the inherent complexity

of the case and granted requests for continuation from the Court's January and March 2015 trial terms. (Docs. 193, 263). At the hearing held on June 25, 2015, the Court again validated the parties' concerns about adequate trial preparation in light of the discovery produced the case and consented to continue the matter a third time. Thus, Defendant's present motion is moot.

**SO ORDERED** this 15th day of July, 2015.

*s/ Hugh Lawson*
**HUGH LAWSON, SENIOR JUDGE**

aks